## PEOPLE v. QUONG KUN.

### (Court of General Sessions, New York County. June, 1895.)

CRIMINAL LAW—EVIDENCE—STATEMENTS BY CHILD TOO YOUNG TO TESTIFY.
     Where a child on whom a criminal assault is alleged to have been committed is, by reason of her youth and immature understanding, incompetent to testify, her statements, though made in the presence of defendant, are also incompetent.

Quong Kun, a Chinese laundryman, was indicted for a criminal assault upon Maggie Blackmer, a child five years old, on the evening of January 31st, 1895. The alleged criminal assault was not discovered until a month later, when, the child becoming ill, she told her story to her mother. Quong Kun was arrested, and identified by the child. In his presence, and that of her mother and the police officer who made the arrest, she told the story of the alleged criminal assault. On the trial the child was called by the prosecution as a witness, but the court, after examining her, re-

fused to admit her testimony, on the ground that she was of such tender years and such immature understanding that, in the opinion of the court, it would not be safe or proper to take the statement of the child, either sworn or unsworn. The prosecution then proved the child's statement, made in the presence of her mother, of defendant, and of the police officer who made the arrest, as to the assault, and introduced the testimony of two physicians in further corroboration of her statements. This was all the evidence for the prosecution. Defendant's counsel then moved that the court advise the jury to acquit defendant, on the ground that there had been no evidence as to the fact of a criminal assault, and that, therefore, the evidence that had been introduced in corroboration was of no value. Granted.

Robert Townsend, Asst. Dist. Atty., for the People.
Robert H. Racey, for defendant.

GOFF, R. The crucial test in this case, in my opinion, would be the testimony of the injured child. If there were testimony from her, in this case, of a kind and quality to establish a case, prima facie, against the defendant, then it might be contended by the district attorney that he had produced testimony sufficiently corroborative of her testimony to justify the court in submitting the case to the jury. But there is no such testimony in this case, because the court felt bound, in conscience, in view of the extreme youth and utterly immature understanding of the child, to exclude her testimony, whether sworn or unsworn. The district attorney has cited in support of his contention that the case should be submitted to the jury the ruling of another judge of this court in a homicide case. In that case the learned court held that a child, an important witness against the defendant, was incompetent to testify in court, but allowed in evidence declarations of the child made out of court, and in the presence of the defendant. This ruling was sustained by the court of appeals. I do not intend to depart in the slightest degree from the law laid down by the highest court of our state, which not only commands our obedience to its rules, but our most profound respect, but in this case the responsibility is placed upon me to decide as to the competency of this child as a witness. Having carefully examined the child, I decided that she was incompetent as a witness, either under oath or not under oath. Therefore, there is no testimony from the child in this case, I having assumed the responsibility of excluding it. Having decided that the child is of too tender years, and of insufficient understanding, to testify in court, either sworn or unsworn, on what principle of law or logic can the declarations of that child out of court be given in testimony? I confess that, in my opinion, it would be against law and logic. Therefore, I disregard the statement of the child made in the presence of the defendant, and, considering her incompetent to give any statement in this court, I consider her equally incompetent to have any statement made by her out of court introduced in evidence. Striking

her testimony from the record in this case, what remains? Abso-lutely nothing but a train of suspicious circumstances, distressing in their nature, and distressing to the sense of mankind. Neverthe-less, this is a court of law, and one of the most wise and just provisions of our law is that this defendant is entitled to all the rights and all the immunities that a native-born resident of this community is entitled to. There is not a different law for the Chinamen and a different law for the American, in our state. No matter what we may feel as to certain habits and moral obliquities of a race, it is our duty, in a court of law, to decide questions of law according to the law. There is not sufficient legal evidence in this case, in my opinion, to warrant me in submitting it to this jury, and therefore I advise the jury to acquit the defendant.